UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JELEC USA, INC., | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-2379 |
| | § | |
| SAFETY CONTROLS, INC. d/b/a | § | |
| SAFCON, and KEVIN POPE, | § | |
|    *Defendants.* | § | |

### MEMORANDUM AND ORDER

Plaintiff Jelec USA, Inc. (Jelec) brings this action against defendants Safety Controls, Inc. d/b/a Safcon (Safcon) and Kevin Pope alleging misappropriation of trade secrets, violations of the Lanham Act, business disparagement, and tortious interference with contractual and prospective business relations. Before the court is the defendants' motion to dismiss (Dkt. 6) this action for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3). Alternatively, defendants move to transfer venue to the United State District Court for the Western District of Louisiana, Lafayette Division, pursuant to 28 U.S.C. § 1404(a). After considering the parties' arguments, the evidence, and the applicable law, the court concludes that the motion to dismiss and the motion to transfer should be DENIED.

### BACKGROUND

Jelec and Safcon compete for business in the oil field services industry. In January 2003, Jelec hired Pope as a sales representative. In that capacity, Pope had access to and learned about the confidential aspects of Jelec's business, including Jelec's customer list. Pope marketed Jelec's safety systems and products to oil companies in Texas and Louisiana, although Pope claims that the majority of his "work activities occurred in [Jelec's] Lafayette, Louisiana office." Dkt. 6.

Jelec alleges that in late 2005 or early 2006— while he was still employed by Jelec—Pope began discussing with Safcon the possibility of him leaving Jelec to work for Safcon. During that period, Pope allegedly provided Safcon with some or all of Jelec's customer list and trade secrets.

Meanwhile, Jelec was in negotiations for the sale of its products and services to Diamond Offshore Company, a Delaware corporation with its principal place of business in Houston, Texas. Jelec maintains that Pope was heavily involved in the negotiations with Diamond Offshore. Safcon was also seeking to secure Diamond Offshore as a client.

On April 13, 2006, Pope submitted a resignation letter to Jelec, stating his intention to leave the company on April 27, 2006. Pope apparently did not return to work for Jelec after April 13, 2006, and he began working for Safcon on April 17, 2006. During the week after Pope resigned from Jelec, Diamond Offshore awarded the job Jelec had been seeking to Safcon.

Jelec alleges that Safcon conspired with Pope and used Jelec's confidential information and trade secrets to win the Diamond Offshore project. Jelec further contends that Pope and Safcon are continuing to use Jelec's confidential information and trade secrets when competing with Jelec for clients in Louisiana, Texas, the Gulf of Mexico, and overseas. On those grounds, Jelec sued Safcon and Pope in this court on July 18, 2006.

Jelec and Safcon are Louisiana corporations, and both have their principal offices in Lafayette, Louisiana. Pope is a citizen of Louisiana, residing near Lafayette. Safcon and Pope seek to have this case dismissed or, alternatively, transferred from this judicial district because they believe that a substantial part of the events giving rise to this lawsuit did not occur in this district and because venue in this district would inconvenience the parties and would not serve judicial economy.

ANALYSIS

**1.     Arguments of the Parties**

Safcon and Pope move to dismiss this suit on the ground that venue is improper in this district because Jelec failed to allege in its complaint any factual allegations giving rise to venue in this district. Alternatively, Safcon and Pope move to transfer the case to the Western District of Louisiana, Lafayette Division, because that forum would be more convenient for all parties and because the interest of judicial economy would be best served by litigating the case there. Specifically, Safcon and Pope contend that transfer is warranted because (1) all of the parties reside in or near Lafayette, (2) most of the prospective witnesses reside in or near Lafayette, (3) litigating the case in this district would force citizens of the Southern District of Texas, who have no connection to the litigation, to serve on the jury, and (4) Louisiana law should apply to Jelec's state-law claims because the events giving rise to those claims occurred in Louisiana, and accordingly, a court based in Texas would be less familiar with Louisiana law than a Louisiana court.

Jelec, however, argues that venue is proper in this district because a substantial part of the events or omissions giving rise to the claims occurred here, and because Safcon and Pope have only established that transferring the case to the Western District of Louisiana would be more convenient for them, not for the convenience of all parties. For these reasons, Jelec contends that Safcon and Pope have not met their burden of demonstrating that this court should either dismiss or transfer the case.

**2.     Motion to Dismiss for Improper Venue**

Safcon and Pope move to dismiss this suit on the ground that venue is improper in this judicial district because Jelec failed to allege in its complaint any factual allegations giving rise to

venue here. The court is of the opinion that Jelec has met its burden of establishing venue in this district by alleging facts that, taken as true, establish that a substantial part of the events giving rise to its claims occurred in this judicial district.

This court has subject matter jurisdiction over this case because Jelec has asserted a claim under section 43(a) of the Lanham Act, presenting a federal question pursuant to 28 U.S.C. § 1331. The Lanham Act has no special venue provision, so the general federal venue provision, 28 U.S.C. § 1391, applies. *See* 15 U.S.C. § 1125. Thus, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Jelec contends that venue is proper under the "transactional" venue provision, 28 U.S.C. § 1391(b)(2).

The Federal Rules of Civil Procedure authorize a court to dismiss an action where the defendant establishes that venue in that court is improper. *See* FED. R. CIV. P. 12(b)(3). Once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that venue in that court is proper. *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000); *Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 458 (S.D. Tex. 1996). If there is no evidentiary hearing, courts allow a plaintiff to satisfy the burden by showing facts that, taken as true, establish venue. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994); *Bigham*, 123 F. Supp. 2d at 1048. A court should, therefore, accept undisputed facts in a plaintiff's pleadings as true and resolve factual conflicts in the plaintiff's favor. *McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001).

Pope and Safcon contend that the court should dismiss this case because Jelec failed to allege in its complaint any factual allegations that would give rise to venue in this judicial district. To the contrary, Jelec included in its complaint the following assertions, all relevant in determining venue is proper here: (1) "Jelec and Safcon are competitors who provide their products and services to companies throughout the United States, including in Louisiana, Texas, the Gulf of Mexico and overseas"; (2) "Defendants continue to use Jelec's confidential information and trade secrets when competing with Jelec for potential customers including those in Louisiana, Texas, the Gulf of Mexico and overseas"; and (3) "Defendants have made, and continue to make, misrepresentations to consumers regarding the quality of the products and services provided by Jelec to Jelec's potential customers including those in Louisiana, Texas, the Gulf of Mexico and overseas." Dkt. 1 at 2-3.

Moreover, the principal office of Diamond Offshore, for whose business Jelec and Safcon competed, is located in this judicial district. For this reason, Jelec argues that venue is proper here because Safcon allegedly directed communications about Jelec's trade secrets, information Safcon purportedly obtained from Pope, to Diamond Offshore's Houston office in its sales pitch for the Diamond Offshore project. In addition, Safcon submitted its bid for the project, again allegedly using Jelec's confidential information, to Diamond Offshore's Houston office.

While it may be true that Safcon compiled the information to support its bid for the Diamond Offshore job at its Louisiana office and mailed the bid from there, those facts alone do not warrant dismissal. Likewise, the fact that all parties are Louisiana residents is not dispositive. *See id.* (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)) ("[T]he fact that a plaintiff residing in a given judicial district feels the effects of a defendant's conduct in that district does not mean that the events or omissions occurred in that district").

5

Taken as true, Jelec's allegations are sufficient to establish venue in this district. Even though some of the events giving rise to this lawsuit occurred in Louisiana, a substantial part of the events underlying Jelec's claims occurred in this district. The general venue statute does not require a plaintiff to file suit in the most convenient forum or the forum with the most substantial contacts with the dispute; rather, the statute simply requires that a plaintiff bring suit in a district where a substantial part of the events or omissions giving rise to the action occurred. *See* 28 U.S.C. § 1391(b)(2); *Bigham*, 123 F. Supp. 2d at 1048 ("Often, a lawsuit may allow for proper venue in more than one judicial district."). Jelec has done that. Accordingly, Jelec has met its burden of establishing venue in this district. Pope and Safcon's motion to dismiss must be denied.

**3.      Motion to Transfer Venue**

Alternatively, Safcon and Pope move to transfer the case to the Western District of Louisiana, Lafayette Division, because that forum would be more convenient for all parties and because the interest of judicial economy would be best served by litigating the case in that forum. The federal venue transfer statute provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this statute, the party seeking the venue transfer bears the burden of demonstrating that the court should, in its discretion, transfer the case. *See Poteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to establish that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed"). To meet this burden, the movant must show, by a preponderance of the evidence, that the balance of convenience and justice substantially weighs

in favor of transfer. *See Southeastern Consulting Group, Inc. v. Maximus, Inc.*, 387 F. Supp. 2d 681, 684-685 (S.D. Miss. 2005); *Rossco Holdings, Inc. v. Best Western Int'l, Inc.*, 2006 WL 1007474, at *3 (S.D. Tex. 2006).

When considering whether transfer is warranted, the court must first determine whether the case could have been brought in the district to which transfer is sought. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (requiring that a district court first determine the propriety of setting venue in the district to which transfer is sought). If this condition is satisfied, the court balances the following two interests: (1) the convenience of the litigants; and (2) the public interests in the fair and efficient administration of justice. *Id*.

In weighing those two interests, courts consider various public and private factors, none of which is dispositive. *Acton Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) where the claim arose; and (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary conflict of law problems. *Id*.

The plaintiff's choice of forum is typically entitled to great deference unless the plaintiff is not a resident of the forum or the operative facts of the action occurred elsewhere. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *McCaskey*, 133 F. Supp. 2d at 527.

The first step in analyzing Pope and Safcon's motion to transfer is to determine whether the venue to which they seek transfer would be a proper forum for this dispute. *In re Volkswagen AG*, 371 F.3d at 203. A substantial part of the events of omissions giving rise to this case occurred in the Western District of Louisiana. The principal offices of Jelec and Safcon are located there, Pope resides there, and Pope and Safcon are allegedly using Jelec's confidential information to compete for potential customers located there. Thus, this action could have been brought in the Western District of Louisiana. *See* 28 U.S.C. § 1391(b)(2). The next step is to balance the private and public interests

With respect to private interests, Pope and Safcon argue that transfer is warranted because all parties reside in the Western District of Louisiana and many of the corporate representatives and fact witnesses reside there, making it more convenient for those witnesses to appear. They do not make claims nor present any evidence demonstrating that transferring the case would serve any other private interest. The court recognizes that the convenience of key witnesses is the most important factor in a motion to transfer venue. *See Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Texas 1992). Pope and Safcon urge the court to transfer the case because key witnesses, including Pope, the employees of Jelec and Safcon, and unidentified fact witnesses, are located in the Western District of Louisiana. The convenience of parties and employees of corporate parties, however, is "entitled to less weight because that party will be able to compel their testimony at trial." *Id*. at 1397. However, Jelec contends that the majority of non-party witnesses, including representatives of Diamond Offshore, are located in this judicial district and that it would not be able to compel their attendance at trial in the Western District of Louisiana. Thus, although

relevant, the location of the various party and unidentified fact witnesses identified by Pope and Safcon is not a factor significantly favoring transfer.

Pope and Safcon have not presented any evidence showing that the Western District of Louisiana would be a more convenient forum for the parties. Indeed, their only support for transfer is the conclusory assertion that "Plaintiff would not be inconvenienced by the transfer" and that both defendants reside "216 miles away and a five hour drive from the federal courthouse in Houston." Dkt. 6 at 3. Pope and Safcon must do more to meet their burden. *See Golden First Mortgage Corp. v. Berger*, 251 F. Supp. 2d 1132, 1142 (E.D.N.Y. 2003) (denying a motion to transfer under section 1404(a) because the motion was "not supported by any sworn affidavit containing detailed factual statements relevant to the factors" considered in transferring venue). The inquiry does not end here, however, because the court must balance the public and private interests in considering a motion to transfer venue. *See Acton Indus., Inc.*, 358 F.3d at 340.

With respect to public interests, Pope and Safcon argue that transfer is warranted because (1) litigating the case here would force citizens of this district to serve on the jury and those jurors would have "no connection to [the] litigation"; and (2) Louisiana law should apply to Jelec's state-law claims because the events giving rise to those claims occurred in Louisiana, and accordingly, a Texas court would be less familiar with Louisiana law. This argument assumes that none of the events or omissions giving rise to Jelec's claims occurred in this judicial district. As previously discussed, the court is of the opinion that a substantial part of the events or omissions giving rise to the claims in this case occurred here. Pope and Safcon do not make claims nor present any evidence demonstrating that transferring the case would serve any other public interest. Accordingly, they

have not met their burden of showing that the balance of convenience and justice substantially weighs in favor of transfer. Pope and Safcon's motion to transfer must also be denied.

## CONCLUSION

Accordingly, the defendants' motion to dismiss and alternative motion to transfer is DENIED.

Signed at Houston, Texas, on November 17, 2006.

_____
Gray H. Miller
United States District Judge